125 A.3d 387

IN THE MATTER OF RACHEL D. KAPLAN, AN ATTORNEY AT LAW (ATTORNEY NO. 000991992).

December 9, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15-043, concluding that **RACHEL D. KAPLAN,** formerly of **TEANECK,** who was admitted to the bar of this State in 1992, and who has been suspended from the practice of law since February 6, 2012, should be suspended from practice for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client

adequately informed about the status of the case), *RPC* 1.16(d) (failure to turn over client file and original documents to subsequent counsel), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that the term of suspension should be retroactive and should commence at the conclusion of respondent's three-month suspension pursuant to the Order of this Court filed January 6, 2012, that was effective February 6, 2012 (D–167–07; 0765386);

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required submit proof of her fitness to practice law, and that on reinstatement to practice, respondent should practice law under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **RACHEL D. KAPLAN** is suspended from the practice of law for a period of three months, effective May 7, 2012; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of her mental fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files

proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.